UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VINCENT ALAN FEUERSTEIN,

    Plaintiff,

                        Civil Action 2:16-cv-786
    v.                    Judge Michael H. Watson
                        Magistrate Judge Elizabeth P. Deavers

DEPARTMENT OF REHABILITATION
AND CORRECTION,

    Defendant.

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Vincent Alan Feurestein, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Corrections ("ODRC"), alleging that he has been wrongfully diagnosed with Bipolar and has an incorrect mental health classification. (ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons set forth below, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims for failure to state a claim upon which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 1.) Plaintiff's

motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he currently possesses the sum of seventy cents in his prison account, which is insufficient to pay the full filing fee. His application indicates that his average monthly deposits for the six-month period prior to filing his application to proceed *in forma pauperis* were $9.13. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at Southern Ohio Correctional Facility (Inmate ID a663134) is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check. It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison

cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

According to his Complaint, Plaintiff has been wrongfully diagnosed with Bipolar, which has resulted in his being incorrectly classified as having a mental health diagnosis.  He explains that during a previous prison term, he feigned an injury in order to obtain medicine to "to get high," but that he is really okay and does not "want anything to do with mental health."  (Compl. 1–2, ECF No. 1-1.)  Plaintiff alleges that in between his prior incarceration and his current incarceration, he visited a mental health clinic and was told that he did not need mental health treatment.  He named ODRC as the sole Defendant.  In terms of relief, Plaintiff states, "I do not want treatment and would like to collect as much compensation as possible for pain and suffer[ing] with this struggle within the struggle of prison I am in!"  (*Id*. at 2.)

Plaintiff has failed to state plausible claims for relief against ODRC.  In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).  To sufficiently plead the second element, a plaintiff must allege "personal involvement."  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*."  *Id*. (citation omitted).  Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that ODRC was personally involved in any violation of Plaintiff's rights.  In addition, the Court is unable to discern what

actions were taken by ODRC that could suffice to form the basis of a plausible claim under § 1983.

Moreover, to the extent Plaintiff seeks to assert a claim for monetary damages against ODRC, dismissal is warranted. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, No. 10-2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Because Ohio has not waived its sovereign immunity in federal court, it and its agencies are entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Accordingly, to the extent Plaintiff seeks to assert claims for compensatory damages against ODRC, the Court must dismiss those claims as barred by the Eleventh Amendment. *See, e.g.*, *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 366 (6th Cir. 2008) (holding that ODRC and its subdivisions are state agencies "entitled to sovereign immunity provided by the Eleventh Amendment").

Finally, Plaintiff's claims fail on the merits. The United States Court of Appeals for the Sixth Circuit "has recognized that individuals in state custody enjoy a protectable liberty interest to refuse medical treatment." *Kramer v. Wilkinson*, 302 F. App'x 396, 400 (6th Cir. 2008) (citing *Noble v. Schmitt*, 87 F.3d 157, 161 (6th Cir. 1996) (internal quotation marks and citations omitted)). This "interest is often subject to regulation in the prison setting because of the 'legitimacy, and the necessity, of considering the State's interests in prison safety and security . .

. .'" *Id*. (quoting *Washington v. Harper*, 494 U.S. 210, 223 (1990)). Here, however, Plaintiff has not even alleged that he has been subject to involuntary treatment or medication. Rather, he complains of the mental health classification the prison has assessed. Because Plaintiff has no constitutional right in a particular classification, he cannot maintain a constitutional claim premised upon an alleged incorrect classification. *Cf.*, *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that inmate has no constitutional right to a particular security classification); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976) (holding that an inmate has no right to a particular prison, explaining that "[t]he federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States.").

### III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has failed to state a claim for relief on which relief can be granted.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l*

7

*Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).     **IT IS SO ORDERED.**

Date: November 2, 2016                              /s/ *Elizabeth A. Preston Deavers*
                                                  ELIZABETH A. PRESTON DEAVERS
                                                  UNITED STATES MAGISTRATE JUDGE