UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Vincent Alan Feuerstein,

    Plaintiff,

    v.                                                          Case No. 2:16–cv–786

**Department of Rehabilitation**                        Judge Michael H. Watson
**and Correction,**

    **Defendant.**

## OPINION AND ORDER

Vincent Alan Feuerstein ("Plaintiff"), an inmate appearing *pro se*, filed a complaint against the Ohio Department of Rehabilitation and Correction ("ODRC") based on 42 U.S.C. § 1983, arguing that he was misdiagnosed as bipolar and has an incorrect mental health classification. Compl., ECF No. 1-1.

Magistrate Judge Deavers performed an initial screening of this case pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and issued an Order and Report and Recommendation ("R&R"). The R&R grants Plaintiff's motion for leave to appear *in forma pauperis* and recommends the Court dismiss the case for failure to state a claim. R&R 1–2, ECF No. 6. The R&R recommends dismissal because: (1) Plaintiff's Complaint contains no factual allegations concerning ODRC's involvement in any constitutional violation; (2) the Eleventh Amendment precludes money damages against ODRC; and (3) Plaintiff has no constitutional right to a particular mental health classification. *Id.* at 6–7.

Federal Rule of Civil Procedure 72(a) permits a magistrate judge to rule on any pretrial matter that is not dispositive of a party's claim or defense and that has been referred to the magistrate judge. If a party timely objects to the magistrate judge's Order, the district judge must consider the objections and "set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

With respect to pretrial matters that are dispositive of a claim or defense, and with respect to prisoner petitions challenging the conditions of confinement, Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The R&R notified the parties of their right to object, and Plaintiff has timely objected, ECF Nos. 7 & 8.

The Court has reviewed Plaintiff's objection and letter. First, Plaintiff objects to the assessment of a filing fee, stating that he receives only $9.00 every thirty days. Obj. 1, ECF No. 7; Letter 2, ECF No. 8. To the extent Plaintiff asserts that the Court cannot assess the filing fee against him due to his status as a pauper, 28 U.S.C. § 1915(b)(1) requires that the full filing fee be assessed

against a prisoner bringing a civil action *in forma pauperis*. 28 U.S.C. § 1915(b). The Order's direction to the Clerk comported with § 1915. *Compare* R&R 2, ECF No. 6, *with* 28 U.S.C. § 1915(b). This objection is therefore overruled as it is not contrary to law.

Next, Plaintiff states that he asked for "10,000 $ [sic] or as much as possible for relief . . . ." Obj. 1, ECF No. 7. The Court construes this statement as an objection to Magistrate Judge Deavers' conclusion that Plaintiff is not entitled to damages. Whether Plaintiff asked for a sum certain "or as much as possible," makes no difference. The Eleventh Amendment bars *any* damages against ODRC, the only defendant in this case. *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 366 (6th Cir. 2008) (recognizing that the ODRC is a state agency entitled to Sovereign Immunity).

Finally, Plaintiff states that he filed with his Complaint a copy of his grievance along with evidence of his misdiagnosis. Letter 1, ECF No. 8. Construed liberally, this statement could be read as an argument that he has stated a claim for relief. The argument, however, fails. First, Plaintiff did not file a copy of his grievance or evidence of his misdiagnosis with his Complaint. Regardless, Plaintiff's Complaint fails to state a claim for relief. Specifically, Plaintiff fails to allege a constitutional right that has been violated. At most, Plaintiff alleges that he was misdiagnosed as bi-polar and given an incorrect mental health classification. He does not allege any injury resulting from the misdiagnosis or incorrect classification.

A misdiagnosis, alone, is not a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."); *Bright v. Martin*, 37 F. App'x 136, 138 (6th Cir. 2002) ("Bright's allegations amounted to only a difference of opinion over his medical care and do not support an Eighth Amendment claim.") (citations omitted); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) ("When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation."). Absent any additional allegations, a misdiagnosis or misclassification would not, alone, amount to a violation of any constitutional rights that could serve as the basis for a § 1983 claim.

Accordingly, Plaintiff's objections are **OVERRULED**. The R&R is **ADOPTED**. The Clerk shall **DISMISS** this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**